UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM SMITH,

        Plaintiff,

        - against -

ST. JOHN'S UNIVERSITY, DENISE
VENCAK-TONER, *in her individual and
official capacity*, THOMAS LAWRENCE,
*in his individual and official capacity*,
CYNTHIA PICO-SIMPSON,[1]
*in her individual and official capacity*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ORDER
11-CV-457 (JG) (JO)

JOHN GLEESON, United States District Judge:

        In this action plaintiff William Smith alleges race-based discrimination against his employer, defendant St. John's University (the "School"), and three of its employees, defendants Denise Vencak-Toner, Thomas Lawrence, and Cynthia Fico-Simpson (together, "defendants"), in violation of Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296 *et seq.*

        Defendants have moved to dismiss Smith's Title VI claim, arguing that federal money is not implicated in Smith's employment and that therefore Title VI does not apply to him. Defendants further argue that the Title VII claim cannot be brought against individual defendants, but only against the School itself. Finally, defendants argue that the NYSHRL claim

---

[1] This defendant was originally sued as "Cynthia Pico-Simpson"; however, in the motion to dismiss the defendants note that her proper name is "Fico-Simpson."

is time-barred. Plaintiff opposed the motion, and I heard oral argument on July 1, 2011. For the reasons discussed on the record at oral argument and memorialized below, the motion is denied.

First, as stipulated by the parties on the record at oral argument, in order to cure the pleading deficiency in the Title VI claim, Paragraph 80 of the complaint is deemed amended to read as follows: "Defendant ST. JOHN'S receives federal financial assistance directly related to plaintiff's employment." Second, Plaintiff has clarified in his papers and on the record that his claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, is brought only against St. John's University and not against individual defendants. Third, Plaintiff has withdrawn his claims under the New York State Human Rights Law, N.Y. Exec. L. § 296 *et seq.*

Thus the motion to dismiss the state claim is granted on consent. The motion to dismiss the federal claims as against the individual defendants is denied as moot. The motion to dismiss the Title VI claims as against the School is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: July 6, 2011
      Brooklyn, New York